1  Steven J. Nataupsky (SBN# 155913)
   Adeel S. Akhtar (SBN # 175491)
2  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street
3  Fourteenth Floor
   Irvine, CA  92614
4  Phone: (949) 760-0404
   Facsimile: (949) 760-9502
5
   Attorneys for Plaintiff,
6  WING WAH RESTAURANT AND BAKERY, INC

7  Joseph Ehrlich (SBN # 84359)
   LOSCH & EHRLICH – Attorneys at Law
8  One California Street, Suite 2230
   San Francisco, CA 94111
9  Phone: (415) 956-8400
   Facsimile: (415) 956-2150
10
   Attorneys for Defendant,
11 JOANNA INTERNATIONAL TRADING U.S. COMPANY

12

13                IN THE UNITED STATES DISTRICT COURT

14              FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| WING WAH RESTAURANT AND BAKERY, INC., a Canadian corporation, | Civil Action No. C 04 4766 (SBA) |
| Plaintiff, | AMENDED CONSENT JUDGMENT AND PERMANENT INJUNCTION |
| v. | |
| JOANNA INTERNATIONAL TRADING U.S. COMPANY, a California corporation, | |
| Defendant. | |

Pursuant to Rules 58 and 65 of the Federal Rules of Civil Procedure and by stipulation of the parties, the Court enters the following Findings of Fact, Conclusions of Law and Final Judgment and Permanent Injunction:

/ / /

/ / /

# FINDINGS OF FACT

## The Plaintiff

1. Plaintiff Wing Wah Restaurant and Bakery, Inc. ("Plaintiff") is a Canadian corporation whose primary business is the manufacture, importation, exportation, and wholesale and retail sale of food products, including baked goods.

2. Plaintiff, by itself and through its predecessor, Triple Eight Trading Inc., has manufactured and sold Chinese pastries made of lotus seed paste in the United States under the trademark WING WAH MOON CAKES since August 1982. Since August 1982, Plaintiff, by itself and through its predecessor, Triple Eight Trading Inc., continuously and extensively has used the WING WAH MOON CAKES name and a Peonies Flower Design incorporating that name in Chinese characters in commerce as its trademark.

3. Plaintiff is the owner of incontestable U.S. Trademark Registration No. 1,543,766 for a mark incorporating the words WING WAH MOON CAKES in Chinese characters and a Peonies Flower Design (the "Trademark"). The U.S. Patent and Trademark Office issued that registration on June 13, 1989.

4. Plaintiff has advertised and promoted its goods nationwide under the Trademark, including promoting those goods in the San Francisco, California area.

## The Defendant

5. Defendant Joanna International Trading U.S. Company ("Defendant") is a California corporation whose primary business includes the importation and sale of food products, including baked goods.

6. Defendant has imported, advertised, promoted and sold Chinese pastries that are virtually identical to Plaintiff's Chinese pastries packaged in tins bearing the words WING WAH MOON CAKES in Chinese characters and a design that is virtually identical to Plaintiff's Peonies Flower Design. In so

doing, Defendant has infringed the Trademark and has falsely designated the origin of the goods.

7.  Defendant represents and warrants that it sold 148 tins of Chinese pastries at a financial loss.

8.  On September 23, October 1 and October 11, 2004, Plaintiff, by its counsel, sent notification to Defendant of Plaintiff's rights in the Trademark and demanded that Defendant immediately cease and desist from using the Trademark in violation of Plaintiff's trademark rights.

9.  On November 9, 2004, Plaintiff filed a Complaint against Defendant in the United States District Court for the Northern District of California alleging false designation of origin, federal trademark infringement, common law trademark infringement and statutory and common law unfair competition.

10. After Plaintiff filed its Complaint, Defendant agreed to (1) cease using the Trademark, or any mark confusingly similar to the Trademark, in connection with Chinese pastries, (2) acknowledge the validity of Plaintiff's Trademark, (3) acknowledge that Defendant has infringed Plaintiff's rights in the Trademark and (4) enter into a Consent Judgment.

## CONCLUSIONS OF LAW

1.  This is an action for infringement of a federally registered trademark, brought by Plaintiff under the Lanham Act, 15 U.S.C. § 1051, et seq. Plaintiff has also asserted related state and common law claims. This Court has jurisdiction over the Lanham Action claim under 28 U.S.C. §§ 1331 and 1338, and over the state and common law claims under 28 U.S.C. §§ 1331, 1338(b) and 1367.

2.  To succeed on the merits of its trademark infringement claim, Plaintiff must show that the Trademark is a valid trademark, and that this trademark was infringed by the Defendant's use of the mark WING WAH

MOON CAKES in Chinese characters with a Peonies Flower Design as a trademark. AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979).

**Plaintiff Has a Valid Trademark**

3. With respect to validity, Plaintiff owns a federal trademark registration for a mark incorporating the words WING WAH MOON CAKES in Chinese characters and a Peonies Flower Design, Registration No. 1,543,766. This registration is incontestable under the Lanham Act. Lanham Act §15, 15 U.S.C.A. §1065. This registration is prima facie evidence of Plaintiff's exclusive right to use this trademark throughout the United States. 15 U.S.C. §§ 1057(b) and 115(a). Defendant has not rebutted this presumption and concedes that Plaintiff's trademark is valid. Accordingly, the Court concludes that the mark shown in Registration No. 1,543,766 is a valid trademark and that Plaintiff has the exclusive right to use this trademark throughout the United States.

**Plaintiff's Mark Has Been Infringed**

4. With respect to infringement, Plaintiff has also shown that Defendant has infringed the Trademark.

5. Infringement of a trademark or service mark occurs when the use of a similar mark is likely to cause confusion or mistake or to deceive consumers concerning the source of the different products or services. AMF Inc. v. Sleekcraft, 599 F.2d at 348-49.

6. The factors relevant to determining the likelihood of confusion include the following: (1) strength of plaintiff's mark; (2) proximity of the goods; (3) similarity between plaintiff's and defendant's marks; (4) evidence of actual confusion; (5) marketing channels; (6) type of goods and degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. Id.

7. The first three factors favor Plaintiff. Plaintiff has used its mark continuously and extensively for over two decades and has extensively

advertised, promoted and offered goods under the Trademark. As a result, consumers in this district and elsewhere readily recognize Plaintiff and its goods by the Trademark. Moreover, Plaintiff's and Defendant's goods and marks are virtually identical.

8. Plaintiff is aware of several instances of actual confusion, including customers who mistakenly purchased Defendant's product under the assumption that it was Plaintiff's product. Thus, the fourth factor also favors Plaintiff.

9. The fifth and sixth factors also favor Plaintiff. Both Plaintiff and Defendant offer their goods in the Chinese community in the San Francisco Bay Area, and both appeal to consumers seeking Chinese moon cakes and other Chinese pastries. Thus, given the identical nature of the goods and the identical manner in which those goods are marketed to very similar consumers, there is a high degree of overlap between the marketing channels. Moreover, pastries are inexpensive and often purchased on impulse. Thus, the degree of care likely to be exercised by consumers is low.

10. There is insufficient evidence to resolve the seventh factor relating to Defendant's intent in selecting its mark. The Court notes that it is possible to infer intent from the overwhelming similarity between the parties' goods and from the established reputation of Plaintiff's mark. Moreover, once notified of Plaintiff's rights and once it agreed to recognize and not violate those rights, Defendant has an affirmative duty to cease using its confusingly similar mark and stay a "safe distance" away from the Plaintiff's trademark. Howard Johnson Co. v. Khimani, 892 F.2d 1512, 1517 (11th Cir. 1990); Oral-B Lab., Inc. v. Mi-Lor Corp., 810 F.2d 20, 24 (2d Cir. 1987).

11. The eighth factor favors Plaintiff as well. Defendant's business and goods are nearly identical to Plaintiff's business and goods, and the products are already sold in the same channels. Under these circumstances, it is clear that a likelihood of confusion exists, and Defendant's use of its mark is a

false designation of origin under federal law, and constitutes trademark infringement and unfair competition.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the parties and of the causes of action asserted herein. Venue is proper in this district.

2. U.S. Registration No. 1,543,766 is valid and incontestable.

3. Effective with the date of this Order, Defendant is hereby permanently enjoined from all use of the words WING WAH MOON CAKES, in Chinese or English characters, and/or a Peonies Flower Design in any manner or form, and from otherwise using the Trademark and all other confusingly similar marks, in connection with the importation, distribution, advertisement, promotion or sale of Chinese pastries. This injunction as to "all use" by Defendant shall include, but not be limited to: (1) all Internet usage, including domain names, (2) all packaging, labels, brochures, letterhead, promotional materials and any other advertising materials, whether in print, for television or radio broadcast, or for other distribution and (3) any applications to register or registrations with any state or federal agency. This injunction shall be binding upon Defendant, its officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

4. Defendant's use of the mark WING WAH MOON CAKES in Chinese characters with a Peonies Flower Design infringes Plaintiff's Registration No. 1,543,766.

5. Within fourteen (14) days of entry of this Order, Defendant shall turn over to Plaintiff's counsel for destruction any and all remaining inventory of products bearing the infringing WING WAH MOON CAKES mark, in Chinese or English characters, or any mark confusingly similar thereto.

6. Within fourteen (14) days of entry of this Order, Defendant shall pay Plaintiff $2,000.

7. This is a final judgment. All other claims of the parties are hereby dismissed with prejudice. Each party shall bear its own costs and attorney's fees. If either party institutes any action or proceeding in the future in connection with this Consent Judgment and Permanent Injunction, the prevailing party shall be entitled, in addition to such other relief as may be granted, to be reimbursed by the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys' fees and costs.

8. The parties consent to a Magistrate Judge to enforce the provisions of this Order.

9. The effective date of this Final Judgment is the date recited below. It is so ordered.

Dated this __28th__ day of __July__ 2005.



/s/ Saundra Brown Armstrong

United States District Court Judge

SO STIPULATED,

KNOBBE MARTENS OLSON & BEAR LLP

Dated: June 30, 2005   By: _____

Steven J. Nataupsky
Adeel S. Akhtar
Attorneys for Plaintiff,
Wing Wah Restaurant and Bakery, Inc.

```
 1
 2
 3                                    WING WAH RESTAURANT AND
 4                                    BAKERY, INC.
 5
 6   Dated: 2005/6/28      By: _____
 7                             [Name] HENDERSON N H TSE
 8
 9
10                                    LOSCH & EHRLICH – Attorneys at Law
11
12   Dated: 6-15-05        By: _____
                               Joseph Ehrlich
13
14                                    Attorneys for Defendant,
                                      Joanna International Trading U.S. Company
15
16
17                                    JOANNA INTERNATIONAL
18                                    TRADING U.S. COMPANY
19
20   Dated: 6/15/05        By: _____
                               [Name]
21
22
23
24   1334863_1
25
26
27
28
```

-8-